UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| COURTNEY GREEN,<br><br>　　　　　Petitioner,<br>　v.<br><br>RODRIGUEZ,<br><br>　　　　　Respondent. | 3:19-cv-1051 (CSH)<br><br><br>OCTOBER 3, 2019 |

## ORDER OF DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS

**HAIGHT, Senior District Judge:**

Petitioner Courtney Green, currently incarcerated at the Osborn Correctional Institution in Somers, Connecticut, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 seeking release from custody until his state habeas action is adjudicated. Green alleges that the state court's delay in hearing his habeas petition violates his due process rights and right of access to the courts. After careful review, the Court concludes that the petition must be dismissed.

**I.　Background**

On April 20, 2009, a judgment of conviction entered against Green pursuant to a guilty plea on three counts of assault in the first degree. Doc. 1 ¶¶ 2, 5, 6. On July 20, 2009, Green was sentenced to a term of imprisonment of twenty years. *Id.* ¶¶ 2, 3. Green did not directly appeal the verdict or sentence. *Id.* ¶ 8.

On March 23, 2018, Green filed a state petition for a writ of habeas corpus, challenging his convictions based on ineffective assistance of counsel. Doc. 6 at 8; Civil Case Details for

1

*Green v. Comm'r of Corr.*, No. TSR-CV18-4009462-S (Conn. Super. Ct.), http://civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=TSRCV184009462S. On May 1, 2019, Green was assigned a hearing date of March 3, 2021 for his state habeas petition. *Id*.

On June 3, 2019, Green filed a second state habeas petition, in which he raised the same substantive argument as the present federal habeas petition: that the time frame for his habeas petition to be heard is not prompt and expeditious. *See Green v. Comm'r of Corr.*, No. TSR-CV19-5000208-S (Conn. Super. Ct. June 11, 2019), http://civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=TSRCV195000208S. Judge John M. Newsom of the Connecticut Superior Court denied that petition on June 11, 2019 for failure to "challenge the conditions of confinement or the underlying conviction," as required for a habeas court to exercise jurisdiction. *Id*.

## II. Discussion

Section 2254 authorizes a federal court to grant a writ of habeas corpus to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Thus, in order to be cognizable in federal court, a state prisoner's habeas claim typically must "call into question the lawfulness of [his] conviction or confinement." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). Petitioner does not assert such a challenge. He makes no reference to the fact of his conviction or the length of his sentence. Rather, he alleges that the state court's delay in hearing his habeas petition violates his due process rights and right of access to the courts.[1]

---

[1] Specifically, on May 1, 2019, the state court entered an order scheduling trial on Green's habeas petition for March 3, 2021.

Under some circumstances, a delay in adjudication of a *direct appeal* may constitute a constitutional violation subject to habeas review under 28 U.S.C. § 2254.[2] *See Diaz v. Henderson*, 905 F.2d 652 (2d Cir. 1990); *Simmons v. Reynolds*, 898 F.2d 865 (2d Cir. 1990). By contrast, the Second Circuit has squarely held that "alleged errors in a post-conviction proceeding are not grounds for § 2254 review because federal law does not require states to provide a post-conviction mechanism for relief." *Word v. Lord*, 648 F.3d 129, 132 (2d Cir. 2011) (citing cases);[3] *see also Calderon v. Keane*, 97 Civ. 2116 (RCC) (JCF), 2002 WL 1205745, at *6 (S.D.N.Y. Feb. 21, 2002) ("Claims that focus only on the state's post-conviction remedy and not on the conviction which is the basis for his incarceration are not cognizable on habeas review."); *Sparman v. Edwards*, 26 F. Supp. 2d 450, 468 n. 13 (E.D.N.Y. 1997) ("28 U.S.C. § 2254 only authorizes federal courts to review the constitutionality of a state criminal conviction, not infirmities in a state post-conviction relief proceeding."). Consequently, "a due

---

[2] The Second Circuit has cautioned, however, that such relief should be granted sparingly: "[r]elease from custody is an extraordinary remedy, especially in a delay-of-appeal case where release would in effect nullify a state court conviction on grounds unrelated to the merits of the case." *Simmons*, 898 F.2d at 869.

[3] In so holding, the Second Circuit aligned itself with the overwhelming majority of other Circuits. *See, e.g.*, *Ortiz v. Stewart*, 149 F.3d 923, 939 (9th Cir.1998), *cert. denied*, 526 U.S. 1123, 119 S. Ct. 1777, 143 L. Ed. 2d 806 (1999); *Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir.), *cert. denied*, 527 U.S. 1056, 120 S. Ct. 22, 144 L. Ed. 2d 825 (1999); *Williams v. Missouri*, 640 F.2d 140 (8th Cir.), *cert. denied*, 451 U.S. 990, 101 S. Ct. 2328, 68 L. Ed. 2d 849 (1981); *Williams–Bey v. Trickey*, 894 F.2d 314, 317 (8th Cir.), *cert. denied*, 495 U.S. 936, 110 S. Ct. 2183, 109 L. Ed. 2d 511 (1990); *Kirby v. Dutton*, 794 F.2d 245, 247-48 (6th Cir. 1986); *Montgomery v. Meloy*, 90 F.3d 1200, 1206 (7th Cir.) (per curiam), *cert. denied*, 519 U.S. 907, 117 S. Ct. 266, 136 L. Ed. 2d 190 (1996); *Bryant v. State of Maryland*, 848 F.2d 492, 493 (4th Cir. 1988); *Hopkinson v. Shillinger*, 866 F.2d 1185, 1218-19 (10th Cir.), *on reh'g*, 888 F.2d 1286 (10th Cir. 1989); *Spradley v. Dugger*, 825 F.2d 1566, 1568 (11th Cir. 1987); *Hassine v. Zimmerman*, 160 F.3d 941, 954-55 (3d Cir. 1998). The only circuit to hold to the contrary did so in the context of an equal protection challenge to state collateral proceedings, *see Dickerson v. Walsh*, 750 F.2d 150 (1st Cir. 1984), and the validity of that decision has been questioned both within and outside of that circuit. *See Mathison v. Cunningham*, No. Civ. 98-457, 2000 WL 1745081, at *4 (D.N.H. Oct. 19, 2000); *Kirby*, 794 F.2d at 246.

process challenge to New York's collateral post-conviction proceedings[ ] does not state a claim that is cognizable under federal habeas review." *Word*, 648 F.3d at 131; *see also Cruz v. Smith*, No. 05 Civ 10703, 2010 WL 582348, at *29 (S.D.N.Y. Feb. 17, 2010) ("As no constitutional provision requires a state to grant post-conviction review, most federal courts have rejected due process claims arising out of the conduct of state post-conviction proceedings, holding that such claims are not cognizable on habeas review." (citation omitted)). Applying the same logic, courts in this district have held that access to court claims arising out of state post-conviction proceedings are also not cognizable under Section 2254. *See, e.g.*, *Galarza v. Murphy*, No. 3:09CV1453 VLB, 2010 WL 2232627, at *1 (D. Conn. May 26, 2010).

Other circuits have consistently affirmed this principle in the context of delayed habeas adjudication. In *Mason v. Myers*, 208 F.3d 414 (3d Cir. 2000), the Third Circuit addressed whether a state court's delay of four years in processing a petition for collateral relief under Pennsylvania's Post Conviction Relief Act constituted a due process violation cognizable in a § 2254 proceeding. *Id.* at 415. The Third Circuit rejected the claim, holding that "[e]ven if such a delay constitutes a due process violation . . . . a delay in a collateral proceeding can[not] be the basis of a petition for a writ of habeas corpus." *Id.* at 417. Similarly, in *Montgomery v. Meloy*, the Seventh Circuit held that "delay in receiving a ruling on a discretionary state collateral appeal is not a ground for federal habeas corpus relief," reasoning that "[n]o constitutional provision or federal law entitles [petitioner] to any state collateral review . . . let alone prompt collateral review." 90 F.3d at 1206. The Tenth Circuit reached the same conclusion in *United States v. Dago*, 441 F.3d 1238 (10th Cir. 2006) in the context of a district court's seven-and-a-half year delay in denying a petition for collateral relief: "a delay in post-conviction proceedings does not give rise to an independent due process claim that would justify granting a defendant habeas

relief." *Id.* at 1248.  Likewise, in *Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989), the Ninth Circuit affirmed dismissal of federal habeas corpus petition alleging that a state court's delay in deciding the petitioner's request for state post-conviction relief violated his due process rights because "a petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings." *Id.* at 26.

Applying these principles here, Petitioner's claims based on a delay in hearing his state habeas petition are not cognizable on federal habeas review.  Petitioner challenges a discretionary scheduling order entered in a discretionary state proceeding.  As Petitioner has no federal right to a state habeas proceeding, any perceived error in that proceeding is not cognizable under section 2254.  *Word*, 648 F.3d at 131; *see also Hilton v. Lantz*, No. 3:08-cv-1957 (RNC), 2009 WL 2195109, at *2 (D. Conn. July 23, 2009) (dismissing federal habeas petition asserting delay in adjudication of appeal); *Galarza*, 2010 WL 2232627, at *1 (same).  Accordingly, Green's petition for writ of habeas corpus is dismissed.

## III. Conclusion

The petition for writ of habeas corpus is DISMISSED for failure to assert a cognizable claim under 28 U.S.C. § 2254.  The Court concludes that petitioner has failed to make a substantial showing of a denial of a constitutional right.  Accordingly, a certificate of appealability will not issue.  *See* 28 U.S.C. § 2253(c)(2).

It is **SO ORDERED**.

Dated: October 3, 2019
New Haven, CT

*/s/ Charles S. Haight, Jr.*
Charles S. Haight, Jr.
Senior United States District Judge